UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVE SANDS, <br><br> Plaintiff, <br><br> - against - <br><br> THEMARYSUE, LLC <br><br> Defendant. | Docket No. _____ <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Steve Sands ("Sands" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant TheMarySue, LLC ("MarySue" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of three copyrighted photographs of actors Krysten Ritter and Mike Colter on the set of the Netflix original television series *Jessica Jones* owned and registered by Sands, a New York City based photojournalist. Accordingly, Sands seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or are doing business in New York.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.     Sands is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 568 Grand Street, #J903, New York, NY 10002. Sands specializes in capturing candid photographs of celebrities at red carpet events and movie and television sets.

6.     Upon information and belief, MarySue is a corporation duly organized and existing under the laws of the State of Delaware, with a principal place of business at 1261 Broadway, Suite 508, New York, NY 10001. At all times material hereto, MarySue has owned and operated and continues to own and operate a website at the URL: www.TheMarySue.com (the "Website").

## STATEMENT OF FACTS

A.     **Background and Plaintiff's Ownership of the Photographs**

7.     *Jessica Jones* is an American web television series created for Netflix based on the Marvel Comics character. Actress Krysten Ritter plays Jessica Jones a former superhero who starts her own detective agency after an end to her superhero career. The television series is filmed in New York City.

8.     On or about July 8, 2015, Sands photographed actors Krysten Ritter and Mike Colter on the set of the series during a fire explosion scene. True and correct copies of said photographs (the "Photographs") are attached hereto as Exhibit A (*The Fire*), Exhibit B (*The Blaze*), Exhibit C (*Inferno*).

9. On or about July 15, 2015 Sands placed the Photographs on Getty Images to license the Photographs. Sands' name was featured in a watermark credit identifying him as the photographer of the Photographs.

10. Sands is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyrights thereto.

11. The Photographs were registered with Copyright Office and were given Copyright Registration Number VA 1-990-615, effective October 6, 2015.

**B. Defendant's Infringing Activities**

12. Upon information and belief, on or about July 11, 2015, MarySue ran an article on the Website entitled *Netflix Releases First Jessica Jones Preview Stills, Featuring Luke Cage and Jessica Jones* (http://www.themarysue.com/jessica-jones-new-stills/). The article prominently featured the Photographs. A true a correct copy of the article is attached hereto as Exhibit D.

13. Upon information and belief, on or about July 28, 2015, MarySue ran another article on the Website entitled *Jessica Jones's Netflix Premier and Defenders Details* (http://www.themarysue.com/jessice-jones-defenders/). The article prominently feature one of the Photographs. A true and correct copy of the screen grab of the article is attached hereto as Exhibit E.

14. MarySue did not license the Photographs from Plaintiff for use on its articles, nor did MarySue have plaintiff's permission or consent to publish the Photographs on its Website.

**CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST MARYSUE)**
**(17 U.S.C. §§ 106, 501)**

15. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-14 above.

16. MarySue infringed Plaintiff's copyright in the Photographs by reproducing and publically displaying the Photographs in an article on the Website. MarySue is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

17. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyrights and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

18. Upon information and belief, the foregoing acts of infringement by MarySue have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

19. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for each infringement.

20. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

21. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

22. Defendants' conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant MarySue be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

3. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

4. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

5. That Plaintiff be awarded pre-judgment interest; and

6. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
March 28, 2016

LIEBOWITZ LAW FIRM, PLLC
By: *Richard Liebowitz*
Richard P. Liebowitz
11 Sunrise Plaza, Suite 301
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorney for Plaintiff Steve Sands*